UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAY BALLARD,

Plaintiff,

v.

SANTA CLARA COUNTY SHERIFF DEPARTMENT, et al.,

Defendants.

Case No. 25-cv-05201-NW

**ORDER DISMISSING CERTAIN CLAIMS, SERVING AMENDED COMPLAINT**

Plaintiff Kenneth Ray Ballard, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court dismissed the Complaint for failure to state a claim and granted Ballard leave to amend. Ballard then filed a notice of appeal with the Ninth Circuit Court of Appeal, taking the matter out of the Court's hands until the proceedings in the Ninth Circuit concluded. *See* ECF No. 32. The Amended Complaint (ECF No. 28) is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons outlined below, the Court **DISMISSES** Defendant Jonsen and otherwise **ORDERS SERVICE** of the Amended Complaint.

I.      BACKGROUND

Ballard alleges the following in his Amended Complaint:

Santa Clara County Sheriff's Department ("Sheriff's Department") employee Adreana Dominguez violated Ballard's rights when she denied his request for pro per status, which would allow him physical access to the law library and other "accessories required to prosecut[e] legal claims." ECF No. 28 at 3. Ballard alleges that the denials have been based on a policy by the Sheriff's Department that denies pro per status on the basis that the cases were filed with the Northern District of California rather than the Santa Clara County Superior Court. He also alleges that he has not been able to "meaningfully" work on one of his pending civil cases (No. 25-cv-

00955-NW)[1] in which he is pursuing a claim of malicious prosecution or "make tim[e]ly app[ea]ls" as a result of the policy. *Id.*

Ballard seeks injunctive and monetary relief. Ballard names Dominguez, the Sheriff's Department, and Sheriff's Department employee Robert Jonsen as Defendants in this action.

## II.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[1] The Court takes judicial notice of the docket in No. 25-cv-00955-NW. *See United States v. Lucas*, 841 F.3d 796, 802 (9th Cir. 2016) (taking judicial notice of publicly available information from the Federal Bureau of Prisons inmate locator); *United States v. Basher*, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (same).

United States District Court
Northern District of California

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## III.   DISCUSSION

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish a claim for a violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. *Id.* at 350–51. To prove an actual injury, the prisoner must show that inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy a technical requirement that, because of deficiencies in the prison's legal assistance facilities, he could not have known; or, a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable to file a complaint. *See id.* at 351.

The Court previously dismissed the claim against Dominguez because Ballard had not adequately alleged that he was injured by Dominguez's denial of his pro per status. Here, liberally construed and taking all material allegations in the Amended Complaint as true, Ballard provides enough information about his alleged injuries, *i.e.*, the inability to properly litigate his claim of

malicious prosecution and inability to file a timely appeal, to state a claim for interference with his right of access to the courts by Dominguez.

Moreover, as noted, Ballard alleges that the denial was pursuant to a policy by the Sheriff's Department policy that denied his right to pro per status based on the venue in which Ballard chose to file his complaint. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1534 (9th Cir. 1995) ("A plaintiff may demonstrate liability by proving that a[n entity's] employee committed the alleged violations pursuant to the [entity's] official policy or custom."). Accordingly, liberally construed, Ballard has also stated a claim against the Sheriff's Department.

However, Ballard still fails to state a claim against Jonsen by again failing to make any factual allegations against him. Because Ballard has already been granted leave to amend to address his lack of factual allegations against Jonsen, the Court concludes further amendments would be futile. The claim against Jonsen is **DISMISSED** without leave to amend. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

IV.    **CONCLUSION**

The Court orders as follows:

1.   Ballard states cognizable claims of First Amendment interference with access to the courts against Dominguez and the Sheriff's Department.

2.   All other claims and defendants are **DISMISSED** without leave to amend.

1.   Defendants Dominguez and the Sheriff's Department shall be served. The Clerk will issue a summons, and the United States Marshal will serve, without prepayment of fees, copies of the Amended Complaint (ECF No. 26) with attachments and copies of this order on the County Clerk of the Board, County Government Center, 70 W Hedding St., East Wing, 10th floor, San Jose, California, 95110.

3.   In order to expedite the resolution of this case, the Court orders the following briefing schedule:

a.   No later than **90 days** from the date of service, Defendants will file a

United States District Court
Northern District of California

4

motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Ballard.

b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c. Ballard's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

United States District Court
Northern District of California

United States District Court
Northern District of California

e. The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

4. All communications by Ballard with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

6. It is Ballard's responsibility to prosecute this case. Ballard must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 6, 2026

_____
Noël Wise
United States District Judge

6

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

7