UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAY BALLARD,

Plaintiff,

v.

SANTA CLARA COUNTY SHERIFF
DEPARTMENT, et al.,

Defendants.

Case No. 25-cv-05201-NW

**ORDER SETTING ASIDE DISMISSAL,
REOPENING MATTER, ORDERING
SERVICE, AND ORDERING
FURTHER BRIEFING**

On February 6, 2026, the Court dismissed certain claims and ordered service of the amended complaint. *See* ECF No. 34. On April 28, 2026, the Court dismissed this matter without prejudice pursuant to Civil Local Rule 3-11 after the Court's mailings to Plaintiff Kenneth Ray Ballard, a *pro se* state prisoner, were returned to the Court and Ballard failed to update his address for more than 90 days. *See* ECF No. 41. As Ballard has now filed a notice of change of address, this matter may be reopened.

The Court therefore orders as follows:

1. The Court **SETS ASIDE** its dismissal order (ECF No. 41) and judgment (ECF No. 42), and the matter is **REOPENED**.

2. Defendants Dominguez and the Santa Clara Sheriff's Department shall be **SERVED**. The Clerk will issue a summons, and the United States Marshal will serve, without prepayment of fees, copies of the Amended Complaint (ECF No. 26) with attachments and copies of this order on the County Clerk of the Board, County Government Center, 70 W Hedding St., East Wing, 10th floor, San Jose, California, 95110. The Clerk shall also send these documents by email to county.counsel@cco.sccgov.org.

3. The Clerk is requested to send Ballard copies of the following orders:

    a.   Order of service (ECF No. 34);

    b.   Order denying Ballard's motion for appointment of counsel (ECF No. 35);

4. To expedite the resolution of this case, the Court orders the following briefing schedule:

    a.   No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Ballard.

    b.   At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    c.   Ballard's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Ballard must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Ballard failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by

*Wyatt*, 315 F.3d at 1120 n.4.

    d.  If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

    e.  The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

5.  All communications by Ballard with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

7.  It is Ballard's responsibility to prosecute this case. Ballard must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 8, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

8.